Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Attorney for Vita-Mix Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **VITA-MIX CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM WITH JURY DEMAND**<br><br>Case No. 2:07cv00785<br><br>Judge Stewart |

Defendant Vita-Mix Corporation ("Vita-Mix"), by and through its undersigned counsel, responds to the Complaint of Plaintiff K-TEC, Inc. ("K-TEC") as follows:

### FIRST DEFENSE

1.     Lacks knowledge as to K-TEC's principal place of business and denies the same; denies the remaining allegations of Paragraph 1 of the Complaint.

2.     Admits that Vita-Mix is an Ohio corporation having a place of business at 8615 Usher Road, Cleveland, Ohio 44138 and that Vita-Mix makes and sells blenders, and denies the remaining allegations of Paragraph 2 of the Complaint.

3.     Admits the allegations in Paragraph 3 of the Complaint.

4.     Denies the allegations in Paragraph 4 of the Complaint.

5.     Admits the allegations of Paragraph 5 of the Complaint.

6.      Admits that U.S. Patent No. 7,281,842 (the "'842 patent"), entitled "Blending Jar Apparatus Having a Generally Rectangular Shape," issued on October 16, 2007, and that a copy of the '842 patent is attached as Exhibit A to the Complaint, and denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Denies the allegations of Paragraph 7 of the Complaint.

8.      Denies the allegations of Paragraph 8 of the Complaint.

9.      Denies the allegations of Paragraph 9 of the Complaint.

10.     Admits that K-TEC filed a lawsuit, Case No. 2:06-cv-00108, in the United States District Court for the District of Utah, the record of which speaks for itself, and denies the remaining allegations of Paragraph 10 of the Complaint.

11.     States that the Complaint filed in Case No. 2:06-cv-00108 speaks for itself, and denies the remaining allegations of Paragraph 11 of the Complaint.

12.     Denies the allegations of Paragraph 12 of the Complaint.

13.     Denies the allegations of Paragraph 13 of the Complaint.

14.     Denies the allegations of Paragraph 14 of the Complaint.

15.     Denies the allegations of Paragraph 15 of the Complaint.

16.     Denies the allegations of Paragraph 16 of the Complaint.

17.     Repeats and incorporates its prior responses as if fully written herein in response to Paragraph 17 of the Complaint.

18.     Denies the allegations of Paragraph 18 of the Complaint.

19.     Denies the allegations of Paragraph 19 of the Complaint.

20.     Denies the allegations of Paragraph 20 of the Complaint.

21.     Denies the allegations of Paragraph 21 of the Complaint.

{1326732:5}

22.     Denies the allegations of Paragraph 22 of the Complaint.

23.     Denies the allegations of Paragraph 23 of the Complaint.

24.     Denies the allegations of Paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in the Complaint, including headings, parentheticals or unnumbered paragraphs, except as expressly admitted in this Answer.

## SECOND DEFENSE

26.     The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

27.     The '842 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

## FOURTH DEFENSE

28.     Vita-Mix does not infringe or induce infringement of any valid claims of the '842 patent.

## FIFTH DEFENSE

29.     K-TEC's claims are barred, in whole or in part, by 35 U.S.C. § 287.

## SIXTH DEFENSE

30.     K-TEC's claims are barred on the basis of unclean hands.

## SEVENTH DEFENSE

31.     K-TEC's claims are barred on the basis of estoppel.

## EIGHTH DEFENSE

32.     K-TEC's claims are barred on the basis of laches.

{1326732:5}

## NINTH DEFENSE

33.    K-TEC's claims are barred on the basis of abandonment.

## TENTH DEFENSE

34.    K-TEC's claims are barred on the basis of acquiescence.

## ELEVENTH DEFENSE

35.    K-TEC is not entitled to injunctive relief because Vita-Mix has not infringed and is not infringing the '842 patent and the '842 patent is not valid, any purported injury to K-TEC is not immediate or irreparable, K-TEC would have an adequate remedy at law, and the public interest and the balance of hardships disfavors an injunction under the circumstances here.

## TWELFTH DEFENSE

36.    K-TEC is estopped from construing the claims of the '842 patent in such a way as may cover any of Vita-Mix's products by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '842 patent.

## THIRTEENTH DEFENSE

37.    K-TEC's claims are barred or limited by its failure to mitigate damages.

## FOURTEENTH DEFENSE

38.    K-TEC's claims are barred under the doctrine of waiver.

## FIFTEENTH DEFENSE

39.    K-TEC lacks the capacity and has no authority or standing to bring some or all of its claims.

## SIXTEENTH DEFENSE

40.    K-TEC has misused the '842 patent.

{1326732:5}

41.     Vita-Mix expressly reserves the right to supplement or amend its Answer as any further defenses are made known during discovery.

## COUNTERCLAIM

Defendant/Counterclaimant Vita-Mix Corporation ("Vita-Mix"), by its undersigned counsel, counterclaims against Plaintiff/Counterdefendant K-TEC, Inc. ("K-TEC") and avers as follows:

### Jurisdiction and Venue

1.     This Counterclaim is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States based upon an actual controversy between Vita-Mix and K-TEC with respect to the validity, enforceability, scope and alleged infringement of U.S. Patent No. 7,281,842 (the "'842 patent").

2.     The Court has jurisdiction over the subject matter of these Counterclaims pursuant to 18 U.S.C. §§ 1331, 1338 and 2201.

3.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1400, and by K-TEC's choice of forum.

### General Allegations

4.     Vita-Mix is an Ohio corporation having its principal place of business at 8615 Usher Road, Cleveland, Ohio 44138.

5.     Upon information and belief, K-TEC is a Utah corporation having its principal place of business at 1206 South 1680 West, Orem, Utah 84058.

6.     K-TEC claims that Vita-Mix infringes and induces infringement of the '842 patent.

7.     K-TEC's claimed earliest filing date for the '842 patent is May 17, 2002.

8.      K-TEC sold blender jars capable of stacking more than one year prior to the earliest filing date for the '842 patent.

9.      Vita-Mix owns U.S. Patent No. 7,063,456 to *Miller et al.* entitled "Container for a Blender" (the "*Miller* patent"), a copy of which is attached as Exhibit 1.

10.     The *Miller* patent has an earliest filing date of June 26, 2001.

11.     The earliest filing date for the *Miller* patent predates the earliest filing date for the '842 patent.

## First Counterclaim – Declaration of Non-Infringement

12.     Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

13.     Vita-Mix does and has not infringed, or induced others to infringe, the '842 patent under 35 U.S.C. § 271.

14.     K-TEC's conduct renders this an exceptional case under 35 U.S.C. § 285, and Vita-Mix is accordingly entitled to an award of its attorneys' fees, costs and expenses.

## Second Counterclaim – Declaration of Invalidity

15.     Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

16.     The '842 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

17.     K-TEC's conduct renders this an exceptional case under 35 U.S.C. § 285, and Vita-Mix is accordingly entitled to an award of its attorneys' fees, costs and expenses.

{1326732:5}

## Third Counterclaim – Interference Pursuant to 35 U.S.C. § 291

18.     Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

19.     Claims 1-17 of the *Miller* patent and claims 1-15 of the '842 patent recite interfering subject matter.

20.     Because the earliest filing date of the *Miller* patent predates the earliest filing date for the '842 patent, the *Miller* patent is senior as between the interfering patents.

21.     Pursuant to 35 U.S.C. § 291, Vita-Mix, as the owner of the *Miller* patent, seeks relief against K-TEC as the owner of the '842 patent. Because the *Miller* patent and the '842 patent are interfering patents, Vita-Mix requests that this Court adjudge the question of the validity of these patents and thereby make a determination as to the priority of invention for Vita-Mix's *Miller* patent.

22.     Because there is interfering subject matter between the *Miller* patent and the '842 patent, Vita-Mix seeks a declaratory judgment of priority of invention as to any such interfering claims of the *Miller* patent, thus rendering invalid any such interfering claims of the '842 patent. Vita-Mix accordingly seeks a declaratory judgment of priority of invention for its *Miller* patent and an assignment of ownership of the claims of the '842 patent to Vita-Mix.

## PRAYER FOR RELIEF

**WHEREFORE,** Vita-Mix prays for a judgment as follows:

A.     A judgment dismissing K-TEC's Complaint with prejudice in its entirety;

B.     A judgment declaring that Vita-Mix does not infringe any claim of the '842 patent;

{1326732:5}

C.     A judgment declaring that the '842 patent and each and every claim thereof is invalid under statutes;

D.     A judgment that to the extent that there is interfering subject matter between the *Miller* patent and the '842 patent, a finding of priority of invention as to any such interfering claims of the *Miller* patent;

E.     A judgment permanently enjoining and restraining K-TEC, its officers, employees, agents and all persons in active concert or participation with K-TEC from asserting that Vita-Mix's sales activities constitute an infringement of the '842 patent, and from any and all acts giving rise to Vita-Mix's Counterclaim;

F.     An order to the USPTO to assign the claims of the '842 patent to Vita-Mix pursuant to 35 U.S.C. § 291;

G.     Awarding Vita-Mix its attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285 and this Court's inherent authority to award such fees, costs and expenses; and

H.     Grant Vita-Mix such other and further relief, both legal and equitable, as the Court deems just and proper.

## **JURY DEMAND**

Vita-Mix demands a jury as to all issues triable to a jury as matter of law.


DATED: November 8, 2007                    Respectfully submitted,


                                        _____/s/Thomas D. Walk_____
                                        Thomas D. Walk (#5555)
                                        KIRTON & McCONKIE, PC

                                        *Attorney for Vita-Mix Corporation*

{1326732:5}

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on November 8, 2007, a copy of the foregoing ***Vita-Mix***

***Corporation's Answer, Affirmative Defenses and Counterclaim With Jury Demand*** was filed

with the Clerk of Court using the ECF/CM filing system that sent notice to the following:

>L. Grant Foster, Esq.
>Brett L. Foster, Esq.
>Mark A. Miller, Esq.
>HOLLAND & HART LLP
>60 East South Temple, Suite 2000
>Salt Lake City, UT 84111-1031
>
>*Attorneys for K-TEC, Inc.*

_____/s/Thomas D. Walk_____
*One of the Attorneys for Vita-Mix Corporation*

{1326732:5}